UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

S.M.N. ISLAM, ON BEHALF OF HIMSELF
AND HIS DAUGHTER, S.I.,

                                                    Plaintiff,

                            -against-

POLICE OFFICER ANDREW TIRELLI (TAX
REG #969393), SGT. RODRIGUEZ, OFFICER
JOHN DOES 1-4, AND THE CITY OF NEW
YORK,

                                                    Defendants.

------------------------------------------------------------------------ x

**ANSWER TO THE
COMPLAINT ON BEHALF
OF DEFENDANT ANDREW
TIRELLI**

**JURY TRIAL DEMANDED**

22-CV-812 (BMC)

      Defendant Andrew Tirelli, by his attorney, the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, as and for his Answer to the Complaint, dated February 14, 2022, respectfully alleges, upon information and belief, as follows:[1]

      1.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "1" of the Complaint.

      2.    Denies the allegations set forth in paragraph "2" of the Complaint, except admits that defendant Andrew Tirelli is no longer a member of the New York City Police Department ("NYPD").

      3.    Denies the allegations set forth in paragraph "3" of the Complaint, except admits that defendant NYPD Sergeant Christian Rodriguez is and was employed by the NYPD, and is currently assigned to the NYPD 114th Precinct.

---

[1] See Civil Docket Sheet, Entry No. 1.

4.      Denies the allegations set forth in paragraph "4" of the Complaint, except admits that the New York City Law Department, which represents the defendants in the instant matter, is located at 100 Church Street, New York, New York 10007.

5.      Denies the allegations set forth in paragraph "5" of the Complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint, except admits that, upon information belief, three complaints were made with the NYPD numbered 2020-048-005482, 2020-048-006730, and 2020-048-008533, purportedly pertaining to the individual identified as "S.I."

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

11.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

12.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

19.     Denies the allegations set forth in paragraph "19" of the Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

21.     Denies the allegations set forth in paragraph "21" of the Complaint, except admits that plaintiff assaulted his daughter, S.I. on September 17, 2020.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint, except admits that, upon arriving to the scene, S.I. was already inside of an ambulance.

23.     Denies the allegations set forth in paragraph "23" of the Complaint.

24.     Denies the allegations set forth in paragraph "24" of the Complaint, except admits that defendants Tirelli and Rodriguez were present at the incident location on September 17, 2020.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26.     Denies the allegations set forth in paragraph "26" of the Complaint.

27.     Denies the allegations set forth in paragraph "27" of the Complaint.

28.     Denies the allegations set forth in paragraph "28" of the Complaint, except admits that plaintiff was arrested on September 17, 2020.

29.     Denies the allegations set forth in paragraph "29" of the Complaint.

30.     Denies the allegations set forth in paragraph "30" of the Complaint, except admits that, upon information and belief, at plaintiff's criminal court arraignment, an order of protection was issued against him.

31.     Denies knowledge or information sufficient to forma  belief as to the truth of the allegations set forth in paragraph "31" of the Complaint.

32.     Denies the allegations set forth in paragraph "32" of the Complaint, except admits that, on September 17, 2020, plaintiff assaulted his daughter S.I.

33.     Denies the allegations set forth in paragraph "33" of the Complaint.

34.     Denies the allegations set forth in paragraph "34" of the Complaint.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Complaint.

36.     Denies the allegations set forth in paragraph "36" of the Complaint.

37.     Denies the allegations set forth in paragraph "37" of the Complaint.

38.     Denies the allegations set forth in paragraph "38" of the Complaint, except admits that S.I. was taken by ambulance to a hospital.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Complaint.

40.     Denies the allegations set forth in paragraph "40" of the Complaint.

41.     Denies the allegations set forth in paragraph "41" of the Complaint.

42.     Denies the allegations set forth in paragraph "42" of the Complaint.

43.     The allegations set forth in paragraph "43" of the Complaint are legal conclusions to which no response is required.

44.     The allegations set forth in paragraph "44" of the Complaint are legal conclusions to which no response is required.

45.      The allegations set forth in paragraph "45" of the Complaint are legal conclusions to which no response is required.

46.     The allegations set forth in paragraph "46" of the Complaint are legal conclusions to which no response is required.

47.      The allegations set forth in paragraph "47" of the Complaint are legal conclusions to which no response is required.

48.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the Complaint.

49.     Denies the allegations set forth in paragraph "49" of the Complaint. Defendant further states that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

50.     Denies the allegations set forth in paragraph "50" of the Complaint. Defendant further states that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

51.     Denies the allegations set forth in paragraph "51" of the Complaint.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the Complaint.

53.     Denies the allegations set forth in paragraph "53" of the Complaint. Defendant further states that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

54.     Denies the allegations set forth in paragraph "54" of the Complaint.

55.     Denies the allegations set forth in paragraph "55" of the Complaint.

56.     Denies the allegations set forth in paragraph "56" of the Complaint, except admit that plaintiff purports to seek the relief stated therein.

57.     In response to the allegations set forth in paragraph "57" of the Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

58.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the Complaint.

59.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the Complaint.

60.     Denies the allegations set forth in paragraph "60" of the Complaint.

61.     Denies the allegations set forth in paragraph "61" of the Complaint.

62.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the Complaint as they pertain to unidentified members of the NYPD.

63.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the Complaint as they pertain to unidentified members of the NYPD.

64.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the Complaint as they pertain to unidentified members of the NYPD.

65.     Denies the allegations set forth in paragraph "65" of the Complaint.

66.     Denies the allegations set forth in paragraph "66" of the Complaint.

67.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" of the Complaint as they pertain to unidentified members of the NYPD.

68.     Denies the allegations set forth in paragraph "68" of the Complaint. Defendant further  denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the Complaint as they pertain to unidentified members of the NYPD.

69.     Denies the allegations set forth in paragraph "69" of the Complaint, except admits that a document purporting to be a Notice of Claim was received by the Office of the New York City Comptroller on or about December 10, 2020.

70.     Denies the allegations set forth in paragraph "70" of the complaint, except admit that plaintiff purports to seek the relief stated therein.

71.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "71" of the Complaint.

72.     Denies the allegations set forth in paragraph "72" of the Complaint, except admits that, upon information and belief, that plaintiff filed Complaint #2020-048-005482 on October 13, 2020 reporting his daughter missing.

73.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "73" of the Complaint as they pertain to unidentified members of the NYPD.

74.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "74" of the Complaint as they pertain to unidentified members of the NYPD.

75.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "75" of the Complaint.

76.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "76" of the Complaint as they pertain to unidentified members of the NYPD.

77.     Denies the allegations set forth in paragraph "77" of the Complaint.

78.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "78" of the Complaint as they pertain to unidentified members of the NYPD.

79.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "79" of the Complaint as they pertain to unidentified members of the NYPD.

80.     Denies the allegations set forth in paragraph "80" of the Complaint. Defendant further states that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

81.     Denies the allegations set forth in paragraph "81" of the Complaint. Defendant further states that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

82.     Denies the allegations set forth in paragraph "82" of the Complaint, except admits that plaintiff purports to seek the relief stated therein.

83.     The allegations set forth in paragraph "83" of the Complaint are not averments of fact that require a response.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

84.     The Complaint fails, in whole or in part, to states a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

85.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of defendant.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

86.     Defendant has not violated any rights, privileges, or immunities under the Constitution of law of the United States or the States of New York or any political subdivision thereof, nor has defendant violated any acts of Congress providing for the protection of civil rights.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**:

87.     Plaintiff's claims may be barred in whole or in part, for failure to comply with New York General Municipal Law §§ 50-(e), *et. seq.*

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**:

88.     At all times relevant to the acts alleged in the Complaint, defendant acted reasonably in the proper and lawful exercise of his discretion.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**:

89.     Defendant Tirelli had no personal involvement in the incidents alleged in the Complaint.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**:

90.     To the extent the Complaint may be construed to allege a municipal liability claim against the City of New York, plaintiff has failed to state a claim for municipal liability pursuant to Monell v. Dep't of Social Services, 436 U.S. 658 (1978).

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**:

91.     There was probable cause for plaintiff's detention, arrest, and subsequent prosecution.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**:

92.     Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**:

93.     Plaintiff may have failed to mitigate his alleged damages.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

94.     Defendant Tirelli has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, is protected by qualified immunity.

**WHEREFORE,** defendant Andrew Tirellli requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  August 29, 2022
        New York, New York

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the City of New York
*Attorney for Defendant Tirelli*
100 Church Street, Room 3-215
New York, New York 10007
Phone: (212) 356-2105

By:      *Mostafa Khairy*       /s/
         Mostafa Khairy
         *Assistant Corporation Counsel*
         Special Federal Litigation Division

**BY ECF**

cc:    Tamara M. Harris
       *Attorney for Plaintiff*